# United States Court of Appeals
### For the Eighth Circuit

_____

No. 26-1155
_____

United States of America

*Plaintiff - Appellee*

v.

Garnell August Carter

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: July 7, 2026
Filed: July 10, 2026
[Unpublished]

_____

Before LAVENSKI R. SMITH, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Garnell Carter received a 108-month prison sentence after pleading guilty to firearm and drug offenses. *See* 18 U.S.C. § 922(g)(1); 21 U.S.C. § 841(a)(1). In pro se briefs, he challenges the validity of the plea agreement, the calculation of his

offense level and criminal-history score, how the district court[1] accounted for the time he spent in state custody, and the effectiveness of appointed counsel.

Upon careful review, we conclude that the plea agreement is valid and contains an enforceable appeal waiver that covers most of these issues. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (reviewing the validity of an appeal waiver de novo); *United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (explaining that an appeal waiver will be enforced if the appeal falls within its scope, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice); *see also Hunter v. United States*, No. 24-1063, 2026 WL 1751815, at *9 (U.S. June 18, 2026) (confirming that the miscarriage-of-justice exception is "narrow" (quoting *Andis*, 333 F.3d at 891)). Of the arguments Carter did not waive, his offense-level challenge is inconsistent with the text of the Sentencing Guidelines, *see* U.S.S.G. §§ 2K2.1(a)(3)(B), 4B1.2(a)(2), and any change to his criminal history requires evidence of a qualifying expungement, *see United States v. Phillips*, 124 F.4th 522, 526–27 (8th Cir. 2024) (holding that, because some expunged convictions still count, there is no automatic plain error in including them in a criminal-history-score calculation). As for the claim that counsel provided ineffective assistance, it will have to await collateral review. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 827 (8th Cir. 2006) (explaining that ineffective-assistance claims are "more properly raised in a separate motion under 28 U.S.C. § 2255").

We accordingly affirm in part and otherwise dismiss the appeal.

_____

_____

[1]The Honorable Matthew T. Schelp, United States District Judge for the Eastern District of Missouri.